**James C. SANFORD, et ux., Plaintiffs,**

v.

**The CELOTEX CORP., et al., Defendants.**

**No. 3–84–0698.**

United States District Court, M.D. Tennessee, Nashville Division.

Oct. 3, 1984.

H. Douglas Nichol, Gillenwater, Nichol & Ames, Knoxville, Tenn., for plaintiffs.

Maclin P. Davis, Jr., William L. Brooks, George E. Copple, Jr., Waller, Lansden, Dortch & Davis, Nashville, Tenn., for National Gypsum.

G.W. Morton, Jr., Morton, Lewis, King & Krieg, Knoxville, Tenn., for Combustion Engineering.

William A. Young, Taylor & Groover, Knoxville, Tenn., for Fibreboard Corp.

Carter J. Lynch, Witt, Gaither & Whitaker, Chattanooga, Tenn., for GAF Corp.

Debra L. Fulton, Key, Lee & Layman, Knoxville, Tenn., for Flintkote Co.

Darryl G. Lowe, Kennerly, Montgomery & Finley, Knoxville, Tenn., for U.S. Gypsum.

James M. Doran, Jr., Mark J. Patterson, Manier, White, Herod, Hollabaugh & Smith, Nashville, Tenn., for Standard Asbestos.

Trabue, Sturdivant & DeWitt, Gayle Malone, Jr., Charles C. Trabue, III, Nashville, Tenn., for Pittsburgh Corning.

George B. McGugin, William P. Sutherland, Watkins, McGugin, McNeilly & Rowan, Nashville, Tenn., for Celotex.

Louis C. Woolf, Robert G. McDowell, J. Randolph Bibb, Jr., Baker, Worthington, Crossley, Stansberry & Woolf, Nashville, Tenn., for Owen-Illinois.

Douglas Fisher, Howell, Fisher, Branham & North, Nashville, Tenn., for Owens-Corning Fiberglas Corp.

Patti Jane Lay Fisher, Kennerly, Montgomery & Finley, Knoxville, Tenn., for Empire Ace.

William F. Alley, Jr., Julia S. Howard, Robert R. Campbell, Hodges, Doughty & Carson, Knoxville, Tenn., for Forty-Eight Insulation, Eagle-Picher, Armstrong World and Keene.

Donald F. Paine, Dwight E. Tarwater, Gwendolyn K. Rogers, Egerton, McAfee, Armistead & Davis, Knoxville, Tenn., for Raymark.

**530**

Stephen C. Daves, O'Neil, Parker & Williamson, Knoxville, Tenn., for Atlas Asbestos.

Martin L. Ellis, Butler, Vines, Babb & Threadgill, Knoxville, Tenn., for Rock Wool Manufacturing.

## MEMORANDUM

WISEMAN, Chief Judge.

This memorandum addresses defendants' motion in limine seeking dismissal of plaintiffs' claim for punitive damages set forth in the complaint. Defendants contend that punitive damages are inappropriate in strict products liability asbestos litigation such as the action before this Court. For the reasons stated below, this Court agrees with defendants' contention, and their motion is granted.

Tennessee law governs the substance of this diversity action. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). The Tennessee courts have not addressed directly the specific question presented by defendants in this motion. They have, however, articulated the purposes of punitive damages and provided some guidance for determining when such damages may be appropriate.

In *Inland Container Corp. v. March*, 529 S.W.2d 43 (Tenn.1975), the Tennessee Supreme Court set forth the "essential ingredients" of a proper case for punitive damages:

> Punitive damages ... are awarded in cases involving fraud, gross negligence or oppression, ... or where a wrongful act is done with a bad motive or so recklessly as to imply a disregard of social obligations, ... or where there is such willful misconduct or entire want of care as to raise a presumption of conscious indifference to consequences.

*Id.* at 44–45 (citations omitted). *Accord* Restatement (Second) of Torts § 908(2) & comment b (1979) ("conduct involving some element of outrage similar to that usually found in crime"). Punitive damages are not based so much upon the nature and extent of the injury as upon the oppression and punishment of the party who does the injury. *Lazenby v. Universal Underwriters Ins. Co.*, 214 Tenn. 639, 383 S.W.2d 1, 4 (1964).

Plaintiffs' cause of action here is grounded solely in strict tort liability. The purpose of imposing strict liability in certain cases is to assess liability without fault; the focus is on the defendants' product, not on the defendants' conduct. *See Ford Motor Co. v. Eads*, 224 Tenn. 473, 457 S.W.2d 28, 30 (1970); *Wyatt v. Winnebago Industries, Inc.*, 566 S.W.2d 276, 279 (Tenn.App.1977), *cert. denied* (Tenn.1978); Restatement (Second) of Torts § 402A (1965).

Several of our Circuit Courts of Appeals have addressed the specific question whether punitive damages are proper in asbestos litigation and have reached different conclusions based on the state law applied. In *Moran v. Johns-Mansville Sales Corp.*, 691 F.2d 811 (6th Cir.1982), the Sixth Circuit, applying Ohio law, held that punitive damages are permissible in a strict liability asbestos lawsuit upon sufficient evidence of "actual malice." The court rejected defendant's argument that awarding punitive damages would not serve the goals of punishment and deterrence. Under Ohio law, deterrence through punitive damages is intended to be general, not specific. *Id.* at 816. Under Tennessee law, however, punitive damages are based upon the oppression and punishment of the party who does the injury, or upon specific deterrence. *See Lazenby v. Universal Underwriters Ins. Co.*, 214 Tenn. 639, 383 S.W.2d 1, 4 (1964). Defendants' repeated exposure through each successive strict liability asbestos lawsuit not only to compensatory damages but to substantial punitive damages awards as well would not further the deterrent purpose of punitive damages under Tennessee law.

In *Hansen v. Johns-Mansville Products Corp.*, 734 F.2d 1036 (5th Cir.1984), the Fifth Circuit, applying Texas law, rejected defendant's contention that an award of punitive damages in a wrongful death asbestos lawsuit based on both strict liability

and negligence grounds was improper. In that case, however, the court emphasized that a Texas court had indicated in dictum that the Texas Constitution may guarantee the availability of punitive damages in a strict products liability case. *Id.* at 1041–42. Absent other indications of how the Texas courts would decide the question, the Fifth Circuit was *"Erie*-bound" to allow punitive damages.

The *Hansen* panel thus was unable to follow *Jackson v. Johns-Mansville*, 727 F.2d 506 (5th Cir.1984), in which the Fifth Circuit, applying Mississippi law, held that the trial court erred in allowing punitive damages in a section 402A strict liability asbestos case. The court concluded that Mississippi law would disallow punitive damages in the "extraordinary circumstances" of strict products liability asbestos litigation.

> At the point where awards of punitive damages destroy the viability of the enterprises necessary to accomplish loss distribution, the remedy of punitive damages becomes incompatible with the strict liability cause of action.

. . . .

> [I]n the virtually limitless damage milieu of asbestos litigation, punitive damages carry such a portent of overkill as to threaten future claimants rather than the enterprise with the burden of punishment awards to early victims. The general societal objectives of punishment—retribution and reformation—are adequately met in such a situation by the prospects of open-ended strict-liability compensation [and the] anticipation of multiple litigation for compensation damages. . . .

*Id.* at 526. *See also Roginsky v. Richardson-Merrell*, 378 F.2d 832, 838–41 (2d Cir. 1967) (opinion of Friendly, J.).

 Punitive damages are not appropriate in the instant litigation. First, in Tennessee the purpose of punitive damages is primarily to deter a specific wrongdoer from future misconduct. Allowing punitive damages in a case pending as one of a vast number of similar actions in our courts would not further this objective, given the potential and actual exposure to millions of dollars in compensatory damages. Second, in Tennessee, as elsewhere, the focus of a section 402A strict products liability action is on the defendant's product, not its conduct. Punitive damages, which may be awarded only where the defendant's conduct is fraudulent, reckless, or otherwise outrageous, are inconsistent with a theory of liability without fault. Last, the unique nature of asbestos litigation necessitates care not to exhaust in a limited number of large punitive damage awards funds needed for possible compensatory awards in multiple asbestos lawsuits.

Accordingly, defendants' motion in limine seeking dismissal of plaintiffs' claim for punitive damages is granted.