**James Leroy JACKSON, Plaintiff-Appellee,**

v.

**JOHNS–MANVILLE SALES CORPORATION and Raybestos-Manhattan, Inc., Defendants-Appellants.**

**No. 82–4288.**

United States Court of Appeals, Fifth Circuit.

April 4, 1985.

Roy C. Williams, Pascagoula, Miss., Lively M. Wilson, Dorothy J. Chambers, Louisville, Ky., John H. Holloman, III, William N. Reed, Jackson, Miss., for defendants-appellants.

Richard F. Pate, Mobile, Ala., Danny E. Cupit, Jackson, Miss., Ronald L. Motley, Barnwell, S.C., Arthur R. Miller, Cambridge, Mass., for plaintiff-appellee.

Joseph R. Steele, Port Arthur, Tex., amicus curiae—Asbestos Claimants in the State of Tex.

Adolph J. Levy, New Orleans, La., amicus curiae—The Ass'n of Trial Lawyers of America.

Broadus A. Spivey, Austin, Tex., amicus curiae—Broadus A. Spivey.

Appeals from the United States District Court for the Southern District of Mississippi; Walter L. Nixon, Jr., Judge.

Certification declined May 22, 1985, 469 So.2d 99.

Before CLARK, Chief Judge, GEE, RUBIN, GARZA, REAVLEY, POLITZ, RANDALL, TATE, JOHNSON, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS and HILL, Circuit Judges.*

PER CURIAM:

This court acting en banc in *Jackson v. Johns-Manville Sales Corp.*, 750 F.2d 1314 (5th Cir.1985), determined to certify three questions of Mississippi law to the Supreme Court of Mississippi and requested the parties to submit a joint statement of facts and certificate of questions. The par-

---

\* Judge Jerre S. Williams did not participate in    the decision of this case.

ties, in response, have agreed on the statement and certificate. Accordingly, we now certify the questions to the Supreme Court of Mississippi pursuant to its Rule 46.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF MISSISSIPPI, PURSUANT TO RULE 46, MISSISSIPPI SUPREME COURT RULES

TO THE SUPREME COURT OF MISSISSIPPI AND THE HONORABLE JUDGES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that this case involves questions of Mississippi law that are determinative of the cause and for which we find neither dispositive statutory provision nor controlling precedents in the decisions of the Supreme Court of Mississippi. As we stated in *Jackson v. Johns-Manville Sales Corp.*, 750 F.2d 1314 (5th Cir.1985), the resolution of these questions requires a careful weighing of competing state policies and potentially could affect a large number of people as well as have an enormous economic impact. We hereby certify the following questions of law to the Supreme Court of Mississippi for instructions.

### 1. *Style of the Case*

The certified case is James Leroy Jackson, Plaintiff-Appellee, v. Johns-Manville Sales Corporation and Raybestos-Manhattan, Inc., Defendants-Appellants, number 82–4288, on the docket of the United States Court of Appeals for the Fifth Circuit, and is on appeal from the United States District Court for the Southern District of Mississippi.

### 2. *Stipulated Statement of Facts*

This civil action was commenced by James L. Jackson ("Jackson") on December 15, 1978, against several manufacturers and distributors of asbestos-containing products for damages arising out of Jackson's exposure to asbestos. Jackson's sole legal theory of liability was based upon a failure to warn under strict liability in tort. Additionally, Jackson sought punitive dam-ages on the grounds that the Defendants were aware of the dangers of asbestos exposure for decades but willfully and intentionally suppressed information concerning the association between asbestos and disease. The case was tried before a jury in May and June 1982. An amended final judgment entered on June 11, 1982, awarded Jackson actual damages of $345,750, punitive damages against Johns-Manville Sales Corporation in the amount of $500,-000, and punitive damages against Raybestos-Manhattan, Inc., in the amount of $125,-000.

On appeal, a panel of the United States Court of Appeals for the Fifth Circuit reversed in part and remanded the case for a new trial. *Jackson v. Johns-Manville Sales Corp.*, 727 F.2d 506 (5th Cir.1984). Thereafter, the Fifth Circuit *en banc* vacated portions of the panel decision and ordered that certain questions be certified to the Mississippi Supreme Court in accordance with Mississippi Supreme Court Rule 46. *Jackson v. Johns-Manville Sales Corp.*, 750 F.2d 1314 (5th Cir.1985) (en banc).

Jackson was employed as a sheet metal worker at the Ingalls Shipyard in Pascagoula, Mississippi, from 1953 until 1971. During that time he participated in the repair, construction or overhaul of approximately 69 U.S. Navy and commercial vessels. During the course of his employment at Ingalls, Jackson did not personally handle asbestos-containing products on a daily basis, but breathed significant quantities of dust containing asbestos fibers. Jackson voluntarily left the shipyard in 1971 and was not exposed to asbestos after that date.

In November 1978, Jackson was diagnosed as having asbestosis, a fibrotic scarring condition of the lungs caused by breathing substantial quantities of asbestos fibers over an extended period of time. The disease is incurable and progressive in nature. Jackson's physicians testified at trial that Jackson had a pulmonary disability, that his life expectancy probably had been shortened, that he faced an increased

susceptibility to colds, flu and other pulmonary infections, and that his lung performance and capacity were impaired and expected to get worse. Jackson's wife testified that Jackson was increasingly upset at his declining ability to work at home.

Asbestos is a carcinogen, but does not inevitably cause cancer in all people. There was no evidence at trial that Jackson had ever been diagnosed as having cancer or that asbestosis causes cancer. Jackson's experts testified that Jackson's exposure to asbestos increased his risk of contracting cancer in the future. There also was opinion testimony based upon a reasonable degree of medical certainty that, because of his medical condition and history of asbestos exposure, Jackson had a greater than 50% risk of contracting cancer in the future. However, Jackson's local treating physician testified that Jackson probably would not contract cancer in the future.

This is an appeal of the first "asbestos case" tried in Mississippi. There are approximately 1700 other "asbestos cases" pending in Mississippi's state and federal courts. Regarding the scope and financial impact of the asbestos litigation in Mississippi and the United States, the Defendants direct the Court's attention to the statistical data compiled in the "Appendix" to the dissenting opinion in this case, *Jackson v. Johns-Manville Sales Corp.*, 750 F.2d at 1335–41. With certain minor exceptions, this statistical data was not introduced during the trial of this case.

### 3. *Questions Certified*

1. Whether a Plaintiff whose cause of action is based upon strict liability in tort can recover punitive damages against Defendants who have been or may be subjected to multiple awards of compensatory and punitive damages for the same wrongful conduct.

2. Whether a Plaintiff who does not presently have cancer can state a claim or recover damages in an action based upon strict liability in tort for mental distress resulting from his knowledge that he has an increased risk of contracting cancer in the future.

3. Whether a Plaintiff who does not presently have cancer can state a claim or recover damages in an action based upon strict liability in tort for the reasonable medical probability that he has a greater than 50% risk of contracting cancer in the future.

The Supreme Court of Mississippi, of course, will not be bound in any way by this articulation of the questions in its consideration of the issues involved. *Martinez v. Rodriguez*, 394 F.2d 156, 159 n. 6 (5th Cir.1968). The entire record in this case, together with copies of the briefs of the parties, are transmitted herewith.