Bernice E. **CAMPBELL**, Wife of John E. Campbell, Deceased, and Personal Representative of the Estate of John E. Campbell, Plaintiff,

v.

**ACandS, INC.**, a Pennsylvania corporation, et al., Defendants.

No. CV–87–099–GF–PGH.

United States District Court, D. Montana, Great Falls Division.

Jan. 18, 1989.

Thomas A. Baiz, Jr., Great Falls, Mont., for plaintiff.

John D. Alexander, Ugrin, Alexander, Zadick & Slovak, Kevin C. Meek, Linnell, Newhall & Martin, Great Falls, Mont., R.H. Bellingham, Moulton, Bellingham, Longo & Mather, P.C., Billings, Mont., Gary L. Walton, Poore, Roth & Robinson, P.C., Butte, Mont., Stephen D. Bell, Dorsey & Whitney, Billings, Mont., Richard A. Hayden, Bogle & Gates, Portland, Or., Van Cott, Bagley, Cornwall & McCarthy, E. Scott Savage, Salt Lake City, Utah, Charles C. Dearden, Asst. Gen. Sol., Billings, Mont., Terry R. McDaniel, Brad M. Purdy, Nelson, Rosholt, Robertson, Tolman & Tucker, Boise, Idaho, Dan G. Cederberg, Missoula, Mont., for defendants.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

The plaintiff, Bernice E. Campbell, instituted the present action on her own behalf and on behalf of her deceased husband's estate, seeking compensatory and punitive damages against the defendants who are, or were, manufacturers and/or distributors of asbestos-containing products to which the plaintiff's decedent was allegedly exposed during the course of his work life as a sheetmetal worker. Campbell alleges the decedent contracted asbestos-related lung cancer as a result of his exposure to asbestos fibre contained in the products manufactured and/or marketed by the named defendants. Campbell advances claims for relief predicated upon theories of negligence and strict liability. Jurisdiction is predicated upon diversity of citizenship. 28 U.S.C. § 1332.

The matter is presently before the court on consolidated motion of the defendants requesting the court to (1) enter summary judgment in the defendants' favor with respect to Campbell's claims for punitive damage, and (2) bifurcate, for purposes of trial, the issue of causation from the remaining issues concerning liability and damages. In addition, defendants, Keene Corporation, Pittsburgh Corning Corporation, and CertainTeed Corporation, move the court to enter summary judgment in their favor upon the ground that there exists no genuine issue of material fact regarding the decedent's exposure to asbestos-containing products manufactured or marketed by these defendants, or that the decedent died as a result of asbestos exposure.

DISCUSSION

A. PUNITIVE DAMAGES

■ The defendants, corporate entities, facing innumerable lawsuits on a national front, advance the proposition that punitive or exemplary damages may not properly be assessed in mass tort litigation because the purpose of deterrence underlying recognition of such damages is not fostered by the continued imposition of such damages upon a corporate entity for the same course of conduct. The defendants predicate their conclusion upon the assertion that public policy dictates against the imposition of punitive damages upon a corporate entity in a manner that will lead to the virtual demise of that entity as a viable commercial enterprise. Review of decisional law extant on the subject reveals the proposition has received a mixed reaction from the courts.[1] The issue *sub judice* is whether

1. See, e.g., Wammock v. Celotex Corporation, 826 F.2d 990 (11th Cir.1987) (multiple awards of punitive damages allowed under Georgia law); Jackson v. Johns–Manville Sales Corporation, 727 F.2d 506 (5th Cir.1984), 750 F.2d 1314 (5th Cir.1985), question certified, 757 F.2d 614, (5th Cir.1985), certification declined, 469 So.2d 99 (Miss.1985), affirmed, 781 F.2d 394 (5th Cir.

1986) (construing Mississippi law, held punitive damages available in mass tort litigation); Hansen v. Johns–Manville Products Corporation, 734 F.2d 1036 (5th Cir.1984) (construing Texas law, held punitive damages allowed in mass tort litigation); Neal v. Carey Canadian Mines, Ltd., 548 F.Supp. 357 (E.D.Penn.1982), affirmed, 760 F.2d

Montana law allows the assessment of punitive damages in mass tort litigation where the defendant may be liable for multiple awards of punitive damages for the same conduct. The Montana Supreme Court, to this point, has not decided this precise issue. Consequently, the court must endeavor to resolve the question in the manner which it believes the Montana court would decide the question.[2] Having considered the statutory and decisional law of Montana which bears upon the query as framed, the court is compelled to conclude that the propriety of awarding punitive damages presents an issue to be determined by the trier of fact on a case by case basis.

Mont.Code Ann. § 27–1–220 (1987) provides that "a judge or jury may award, in addition to compensatory damages, punitive damages for the sake of example and for the purpose of punishing a defendant." Punitive damages may properly be awarded for tortious conduct committed under circumstances of aggravation. *See, Hageman v. Arnold*, 79 Mont. 91, 254 P. 1070 (1927).[3] An award of punitive damages, however, cannot be predicated upon conduct which constitutes mere negligence. *See, Owens v. Parker Drilling Company*, 207 Mont. 446, 676 P.2d 162 (1984); *Cashin v. Northern Pacific Railway Co.*, 96 Mont. 92, 28 P.2d 862 (1934). Punitive damages may be recovered in a products liability action. *See*, Mont.Code Ann. § 27–1–220(2)(b) (1987).

The propriety of an award of punitive damages is an issue to be determined by the trier of fact. *See*, Mont.Code Ann. § 27–1–221(6) (1987); *see also, Eliason v. Wallace*, 209 Mont. 358, 680 P.2d 573 (1984). There exists no precise rule to be followed in ascertaining the proper award of punitive damages. *See, Toeckes v. Baker*, 188 Mont. 109, 611 P.2d 609 (1980). Rather, in assessing the proper award of punitive damages in a particular case, the finder of fact should consider: the nature of the alleged misconduct of the defendant, the extent and the effect of the misconduct on the lives of the plaintiff and others, the probability of future reoccurrence of such misconduct, the relationship between the parties, the relative wealth of the defendant, and the facts and circumstances surrounding the misconduct and the amount of the actual damages awarded. *Safeco Insurance Co. v. Ellinghouse*, —— Mont. ——, 725 P.2d 217, 227 (1986).

The essence of the defendants' argument is that the goal of deterrence upon which the principle of punitive damages is based is simply not fostered by the continued imposition of such damages upon these defendants. In support of their conclusion, the defendants impress upon the court that the allegedly tortious conduct for which the typical plaintiff in asbestos litigation seeks to recover punitive damages could not be repeated today in view of the stringent regulations imposed by the government with respect to the marketing of asbestos-containing products. Moreover, the de-

481 (3rd Cir.1985) (construing Pennsylvania law, held punitive damages properly awarded in mass tort litigation); *Compare, e.g., Sanford v. Celotex Corporation*, 598 F.Supp. 529 (M.D. Tenn.1984) (construing Tennessee law, held punitive damages improper in mass tort litigation); *Roginsky v. Richardson–Merrell, Inc.*, 378 F.2d 832 (2nd Cir.1967) (interpreting New York law, *dicta* suggesting punitive damages not properly assessed in mass tort litigation).

**2.** In diversity actions, the substantive rights and obligations of the parties are governed by the law of the forum state. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *St. Paul Fire & Marine Insurance Co. v. Weiner*, 606 F.2d 864 (9th Cir.1979). This court, therefore, looks to the substantive law of Montana. Since it appears that the highest

court of Montana has not had the opportunity to adjudicate the issue presented, this court must determine what path the Montana Supreme Court would follow if presented with that issue. *Meredith v. Winter Haven*, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943); *Commercial Union Insurance Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir.1981).

**3.** Montana statutory law presently provides at Mont.Code Ann. § 27–1–221(1) (1987) that punitive damages "may be awarded where the defendant has been guilty of actual fraud or actual malice." Former Mont.Code Ann. § 27–1–221 (1985) (formerly Revised Codes of Montana 1947 § 17–208) provided that punitive damages could be awarded where the defendant "has been guilty of oppression, fraud, or malice, actual or presumed, . . . ."

fendants submit that because they have been adequately punished through the imposition of large awards of compensatory damages in cases throughout the nation, the continued imposition of punitive damages serves no purpose within the contemplation of the statutory or common law of Montana authorizing punitive damages. The court is unpersuaded by the defendants' argument.

Under Montana law, punitive damages are viewed as an extraordinary remedy which must be applied with caution in order that imposition of such damages in a particular case does not reach the point of becoming unreasonable. *See, Safeco Insurance Co. v. Ellinghouse,* 725 P.2d at 227. At the same time, the court is mindful that "punitive damages when awarded should be of such significant amount as to serve the office of deterrence by punishing the defendant and as well warn others." *Gibson v. Western Fire Insurance Co.,* 210 Mont. 267, 295, 682 P.2d 725, 740 (1984). Only where it appears an award of punitive damages has resulted from passion or prejudice, rather than from reason and justice, is a court justified in determining, as a matter of law, that the award of punitive damages imposed by the finder of fact is properly set aside. *See, Safeco Insurance Co. v. Ellinghouse,* 725 P.2d at 227.

The defendants ask this court to declare, as a matter of law, that the further imposition of punitive damages upon them in this case, or any other asbestos litigation in the State of Montana in which they are involved, would be unreasonable and excessive. The defendants, however, have failed to establish the factual predicate necessary to warrant this court in removing the issue of punitive damages from the province of the finder of fact. Even if the defendants were to support their motion with documentation regarding their individual financial woes, the court would be hesitant to remove the issue of punitive damages from the province of the trier of fact. The court

is firmly convinced that a properly instructed jury will best be able to assess whether an award of punitive damages against the named defendants individually is warranted under the circumstances of this case. The court will not abrogate the plaintiff's right to trial by jury upon the issue of punitive damages based upon the mere assertion that the objectives sought to be accomplished by the imposition of punitive damages will not be fostered by imposition of such damages in the case at bar. The propriety of awarding punitive damages presents an issue appropriately determined by the enlightened conscience of an impartial jury, which can determine upon the basis of properly admitted evidence whether a particular defendant has been sufficiently punished for his tortious conduct, and whether the extent of that punishment is sufficient to deter any other individual or entity from acting in similar fashion.[4] Consequently, the deterrent effect sought to be accomplished goes beyond the simple attempt of deterring these particular defendants from repeating the same tortious conduct, but extends to the public in general. With specific reference to the manufacture and distribution of consumer products, the desired effect is to deter all individuals or entities involved in the manufacture and distribution of consumer products from placing the public at risk by engaging in similar conduct.

■ As an alternate basis for their motion, the defendants submit an award of punitive damages in the case at bar would violate the due process clause of the fourteenth amendment to the United States Constitution. Specifically, the defendants contend the substantive standard for punitive damages in the State of Montana should be stricken as unconstitutionally void for vagueness. Moreover, the defendants assert that the lack of adequate guidelines for the imposition of punitive damages, coupled with the jury bias against

---

**4.** The court notes the defendants speciously suggest that the deterrent impact sought to be accomplished by the imposition of punitive damages is to be measured from the perspective of the defendant at hand. Under Montana law, however, punitive damages "serve the office of deterrence by punishing the defendant and *as well warn others." Gibson v. Western Fire Insurance Co.,* 682 P.2d at 740. (emphasis supplied).

corporations, greatly increases the inherent "take from the rich give to the poor" tendencies of juries.

As the defendants correctly note, the standard espoused by the United States Supreme Court for determining whether a particular legislative enactment is vague may be found in the Court's statement in *Giaccio v. Pennsylvania,* 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966):

> It is established that a law fails to meet the requirements of the due process clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and juries free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case.... Implicit in this constitutional safeguard is the premise that the law must be one that carries an understandable meaning with legal standards that courts must enforce.

382 U.S. at 402–403, 86 S.Ct. at 520–521.

Under Montana law, punitive damages are allowed where the defendant has been guilty of oppression, fraud, malice, or where the defendant has acted so recklessly as to indicate wanton disregard of another's rights. *See,* Mont.Code Ann. § 27–1–221 (1985); *Gibson v. Western Fire Insurance Co.,* 682 P.2d at 740; *Gee v. Egbert,* 209 Mont. 1, 679 P.2d 1194 (1984); *Owens v. Parker Drilling Co.,* 676 P.2d 162. The standard established by Montana law as a predicate to the imposition of punitive damages sufficiently apprises the public as to the nature of the proscribed conduct and provides judges and juries with a sufficiently definite standard against which the conduct of a particular defendant may be compared. *See, Neal v. Carey Canadian Mines, Ltd.,* 548 F.Supp. at 377. Consequently, the court is compelled to conclude that utilization of the standard does not offend the principle of fundamental fairness upon which the concept of due process of law is bottomed. *See, Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).[5]

## B. BIFURCATION

■ Having considered the merits of the defendants' motion requesting the court to bifurcate, for purposes of trial, the issue of causation from the issues of negligence, state of the art, and actual or presumed malice, the court is unpersuaded that bifurcation of these issues would promote judicial economy or minimize the risk of a prejudicial verdict. The court is confident that a jury armed with a proper set of instructions to be compiled by the court with the assistance of counsel, will be able to render a fair and impartial verdict with respect to each of the defendants.

## C. SUMMARY JUDGMENT

■ As indicated, a number of the defendants seek summary judgment upon the ground Campbell has failed to sufficiently establish the decedent was exposed to products manufactured or distributed by the moving defendants. However, Campbell has, by way of affidavit, sufficiently established the existence of a genuine issue of material fact regarding identification of the products to which the decedent was exposed during his tenure with the Burlington Northern Railroad Company, one of his employers. Therefore, Fed.R.Civ.P. 56 precludes the entry of summary judgment.

Therefore, for the reasons set forth herein,

IT IS HEREBY ORDERED:

(1) That the defendants' consolidated motion for partial summary judgment with respect to the issue of punitive damages be, and the same hereby is, DENIED;

---

**5.** The defendants support their position regarding the constitutionality of punitive damages with the assertion that imposition of punitive damages upon corporate entities tends to enhance the "Robin Hood" syndrome which the defendants perceive to be an "inherent" deficiency of juries. It is unclear to the court whether the defendants' theory in this regard is empirical in nature, founded primarily upon the observations of counsel for the defendants, or whether the defendants countenance the theory as espoused by others. *See,* JURY VERDICT RESEARCH, INC., *Corporate Defendants–Liability,* 8 Personal Injury Evaluation Handbooks 5251 (1981). Whatever may be the basis for the defendants' conclusions, such *ad hominem* arguments are extraneous to sound constitutional analysis.

(2) That the defendants' consolidated motion requesting a bifurcation of issues for trial be, and the same hereby is, DENIED; and

(3) That the consolidated motion of defendants, Keene Corporation, Pittsburgh Corning Corporation, and CertainTeed Corporation, for summary judgment be, and the same hereby is, DENIED.