DAN M. LEE, Presiding Justice,
for the Court:
I.
This appeal involves sixteen products liability actions, which were consolidated by the Rankin County Circuit Court into the single, present action being appealed. The Circuit Court granted a summary judgment in favor of the Defendants. Feeling aggrieved the Plaintiffs appeal, asserting a single assignment of error.
The order on summary judgment ... contains findings of fact and law which, the plaintiffs contend, are at issue and/or are controverted thus precluding summary judgment.
We find the actions of Evelyn Freels and Marva Lovelady excluded by the Mississippi Workers’ Compensation Law, and we affirm the summary judgment as to these two Appellants. We also find the Circuit Court prematurely granted summary judgment against the other fifteen Appellants. Accordingly, we reverse and remand as to these fifteen Appellants, so that issues pertinent to this case may be fully developed at trial.
II.
With the exceptions of Evelyn Freels and Marva Lovelady, all of the Appellants are either former employees, or persons representing the estates of former employees, of Sonford International, Inc. Sonford International produces wood preservative products containing a carcinogenic chemical named Pentachlorophenol, commonly known as PCP or penta, which it purchased from Sonford Products Corporation. In the course of their employment, the Appellants were allegedly injured by being exposed to penta. Consequently, they sued the Appellees, Sonford Products, which was an intermediate supplier of the penta, and W.T. Burford, who was the President and a Director of Sonford Products. The suit alleged that the Appellees had been both negligent, as well as grossly negligent, in failing to warn the Appellants of penta’s hazardous nature.
In granting the summary judgment, the Circuit Court found, as a matter of undisputed fact, that Sonford Products had given to Sonford International all of the warnings and product information it had received from the manufacturer of the penta. The Circuit Court also found, as a matter of law, that Sonford Products had a duty to warn Sonford International about potential hazards of which Sonford Products was actually aware, but of which Sonford International might not have been aware. Further, Sonford Products discharged this duty by giving Sonford International the manufacturer’s warnings and products information.
III.
As the briefs contend and the oral arguments confirm, Evelyn Freels and Marva Lovelady are in a different posture than the other Appellants, and their claim is barred by the Mississippi Workers’ Compensation Act’s exclusivity of remedies provision. Miss.Code Ann. § 71-3-9 (1972). Under this Code section, the remedies provided in the Act are the exclusive remedies available for an employee’s injury or death, so long as the injury or death occurred while the employee was working within the scope of his employment and was not wilful or intentional or otherwise covered under the Workers’ Compensation Act. Sawyer v. Head, 510 So.2d 472, 477 (Miss.1987); Griffin v. Futorian Corp., 533 So.2d 461, 464 (Miss.1988).
During his lifetime, Morris Odell Freels pursued a Workers’ Compensation claim, in which he asserted he had been employed by the Appellee, Sonford Products. After his death, his widow, Evelyn Freels, continued pursuing the claim, and ultimately it was settled. Subsequently, Evelyn Freels . and the daughter of Morris and Evelyn Freels, Marva Lovelady, brought the present action against Sonford Products, alleging that Sonford Products’ failure to warn of penta’s hazards resulted in Morris Odell Freels’ death.
We find, as the Appellants conceded during oral argument, that the Circuit Court properly held that the claims of Evelyn *264 Freels and Marva Lovelady against Son-ford Products and Mr. Burford individually are excluded by the exclusivity of remedies under Mississippi Workers’ Compensation Act. However, under the facts thus far developed in this case, this finding does not apply to the other Appellants.
IV.
No contention was made that any of the Appellants, other than Evelyn Freels and Marva Lovelady, were employed by Sonford Products and had been paid Workers’ Compensation benefits. After reviewing the record, briefs and oral arguments presented in this case, we find, as to all of the Appellants except those two mentioned above, material facts are in dispute, both as to whether the manufacturer’s warnings were given to Sonford International, as well as to whether these warnings were adequate to inform Sonford International of the dangers of penta, which were known to Sonford Products, but which might not have been known to Sonford International. Because these material facts are in dispute, the summary judgment was granted prematurely.
Miss.R.Civ.P. 56(c) provides that summary judgment is appropriate in a case where there is no issue as to a material fact, and the moving party is entitled to a judgment as a matter of law. The comment to this rule states “summary judgment is not a substitute for the trial of a disputed fact.” Mississippi cases construing this Rule state that when the evidence, viewed in a light most favorable to the non-moving party, shows there is no material fact in question, the moving party is entitled to a judgment as a matter of law. Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss.1983). See also, Grisham v. John Q. Long V.F.W. Post, 519 So.2d 413, 415 (Miss.1988); Galloway v. Travelers Ins. Co., 515 So.2d 678, 682 (Miss.1987).
The Appellants contend a jury could find either that Sonford International did not receive any warning that penta was hazardous, or that any warning that was given was inadequate to fully advise Sonford International of the hazards surrounding the handling of penta.
Although the records and briefs do not show that any discovery has been conducted in this case, the records and briefs do refer to depositions taken in other cases where the issue of the Appellees handling of warnings concerning penta has arisen. The President of Sonford Products, Mr. Burford, stated he passed on all manufacturer’s warnings to the Manager of Son-ford International, Morris Weeks, by writing Mr. Weeks,’ name on the warnings, and by having his secretary deliver the warnings to Mr. Weeks’ office, which was located in the same building as Mr. Burford’s office. However, among the warning materials the manufacturer claimed to have given Sonford Products were ten Material Safety Data Sheets. According to a summary of a deposition, Mr. Burford stated he received only two of these Sheets.
In a similar deposition taken in another case, Mr. Weeks stated that he believed penta was only dangerous if a person fell into a vat containing the chemical. Yet, the manufacturer’s warnings clearly instruct people having contact with penta to avoid inhaling, ingesting or absorbing penta dust through their eyes or skin. Further, the Superintendent of Sonford International’s plant, Leon Moore, who is also one of the Appellants, stated he received no warnings, other than the labels affixed to the blocks of penta received from Sonford Products.
Based upon these statements, a jury could find that Sonford Products did not give Sonford International all of the warnings it received from the manufacturer of the penta. Therefore, the Circuit Court erred in finding, as a factual matter, Son-ford Products had given Sonford International all of the manufacturer’s warnings.
V.
Even if the manufacturer’s warnings were given to Sonford International, there would still be the question of whether the warnings were adequate. The question of whether warnings are adequate is a factual question. Jackson v. Johns-Manville *265 Sales Corp., 727 F.2d 506, 516 (5th Cir.1984) (applying Mississippi law), on reh’g. 750 F.2d 1314, question certified 757 F.2d 614 (5th Cir.1985), certification declined 469 So.2d 99 (Miss.1985), certification declined 781 F.2d 394, cert. denied 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986). See also, Wyeth Laboratories, Inc. v. Fortenberry, 530 So.2d 688, 692 (1988).
In a deposition taken in another case, Mr. Burford stated he did not consider penta to be a hazardous substance. Similarly, Mr. Weeks did not consider penta to be dangerous. Apparently, Sonford Products and Sonford International’s offices were located in the same building, which is also the building in which the Appellants were exposed to the penta. It is possible that this close physical relationship, as well as Mr. Burford’s alleged failure to appreciate pen-ta’s dangers, caused — at least in part — Mr. Week’s misunderstanding of penta’s dangers. It is also possible that these misunderstandings led to a complete failure to warn Sonford International’s plant superintendent, Mr. Moore. Thus, there is a factual question as to whether the warnings given by Sonford Products were adequate to inform Sonford International of dangers of which it was unaware, but which were known, or should have been known, by Sonford Products. Therefore, the Circuit Court erred in granting summary judgment in favor of the Appellees.
VI.
In conclusion, we find that the Circuit Court properly granted summary judgment against Evelyn Freels and Marva Lovelady, in that their claims against the Appellees are excluded by the Mississippi Workers’ Compensation Act. We, therefore, affirm the summary judgment entered against these two Appellants. Additionally, we find that material facts are in dispute with respect to the claims of Leon Moore, Jr., Samuel Lee Davis, Jimmy Calendar, Howard L. King, Larry Calendar, Raymond Hall, Bruce Calendar, Johnny Settlemire, Danny Watkins, Joe E. Tucker, Roy Hall, Douglas E. Parkman, Billy Brewer, and Tony Winters. We, therefore, reverse the summary judgment entered against the above fifteen Appellants, and remand to the Circuit Court to more fully develop factual issues concerning this case, especially as to whether the warnings were actually given, which individual or individuals were given the warnings, and whether the warnings were adequate.
Accordingly, the order of the Circuit Court of Rankin County Mississippi entered in this case sustaining the motion for summary judgment of Sonford Products Corporation and W.T. Burford dated the 16th day of January, 1990, be and the same is hereby affirmed as to Evelyn Freels and Marva Lovelady only, but is reversed and remanded as to Leon Moore, Jr., Samuel Lee Davis, Jimmy Calendar, Howard L. King, Larry Calendar, Raymond Hall, Bruce Calendar, Johnny Settlemire, Danny Watkins, Joe E. Tucker, Roy Hall, Douglas E. Parkman, Billy Brewer, and Tony Winters.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
McRAE, J., specially concurs by separate written opinion, joined by PRATHER, J.