JUSTICE TRIEWEILER,
dissenting in part and concurring in part:
I dissent from the opinion of the majority. I would affirm the District Court.
Ann Anderson is a social worker who, at the time of trial, had been employed by the State Department of Family Services for the previous 11 years. She had a master’s degree in social work. Her professional duties related primarily to the investigation of sexual abuse cases. In the ten years prior to giving her testimony, she had participated in the investigation of approximately 240 such cases. In addition, she had attended a number of workshops every year that dealt with sexual abuse, and had been trained to investigate complaints and evaluate their veracity.
Ms. Anderson testified that she was responsible for investigating the complaint of the victim in this case and, in the course of that investigation, had talked to her many times. Ms. Anderson explained what types of behavior social workers look for in evaluating the veracity of similar complaints, and answered questions about whether those forms of behavior existed in this case. For example, she explained what the appropriate emotional reaction is for a victim of sexual abuse, and the type of detail that would be expected from a victim when he or she describes the abuse that allegedly occurred. She explained how this victim’s conduct compared to what she would expect to see from a victim of abuse, and she testified to the absence of behavior that would indicate fabrication on the part of this victim. That small portion of her testimony which is quoted by the majority *484 has to be put in the above context to be understood. This is not a case where this witness expressed an opinion that the victim was or was not testifying truthfully. Therefore, the authorities relied upon by the majority are not proper authority for the reversal of defendant’s conviction. Neither do I believe that this case is controlled by State v. Harris (Mont. 1991), [247 Mont. 405,] 808 P.2d 453, 455, 48 St.Rep. 62, 63. This case is different than Harris because, in this case, the victim’s credibility was clearly challenged by the defendant.
I do believe that the testimony of Ms. Anderson provided specific examples of the victim’s past conduct in an effort to buttress her credibility. Therefore, I would conclude that her testimony was a violation of Rule 608(b), M.R.Evid., which provides, in relevant part, that:
“Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness’ credibility, may not be proved by extrinsic evidence.”
Even though I have concluded that Ms. Anderson’s testimony violated Rule 608(b), I would not reverse defendant’s conviction because her testimony was never properly objected to on that basis. Without a proper objection, the District Court had no adequate opportunity to consider the admissibility of the testimony, and the State could not exercise its option of withdrawing the testimony based on an appropriate objection.
Section 46-20-104(2), MCA, provides that:
“Upon appeal from a judgment, the court may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment. Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-701(2).”
None of those exceptions provided for in § 46-20-701(2), MCA, are present in this case.
Section 46-16-201, MCA, provides that the rules of evidence in civil actions are also applicable to criminal actions, except where otherwise provided. Rule 103(a), M.R.Evid., provides, in part, as follows:
“Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected and
“(1) ... a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context... .” [Emphasis added.]
In this case, Ms. Anderson’s testimony was only objected to by *485 defendant for the reason that, “it is not proper rebuttal.” However, when given an opportunity to argue the basis for his objection in chambers and outside the presence of the jury, counsel for defendant admitted that he had challenged the victim’s veracity. The following conversation occurred, including defendant’s attorney and the court:
“THE COURT: The defense has stated in so many words that this complaining witness is lying.
“MR. SHAFFER: That is correct.”
Ms. Anderson’s testimony was never objected to by defendant as a violation of Rule 608(b). Nor was it ever objected to for the reason that it constituted a comment on the credibility of a witness. Those arguments have been persuasively made by the attorney representing defendant on appeal. However, he is not the same attorney who represented defendant at trial; and, unfortunately for everyone involved, those arguments were not made at the time of trial.
Because of the rules for preserving objections, and because of their importance in achieving fairness to the parties in the trial court, I would affirm the jury’s verdict, even though I conclude that the testimony of Ms. Anderson was inadmissible under Rule 608(b).
Neither would I reverse this case on the basis of Ms. Anderson’s reference to her investigation of sexual abuse of Joey Hensley.
Jane Hensley, the victim’s mother, testified during defendant’s case that, in her opinion, her daughter was lying when she accused her father of sexual abuse. Following that testimony, during the State’s rebuttal, Ms. Anderson was asked about Jane Hensley’s own reputation for truthfulness. Evidence of a witness’s reputation for being untruthful is admissible pursuant to § 26-1-302, MCA. However, there has to be some factual foundation for a witness’s ability to offer such testimony. In this case, that foundation was laid by having Ms. Anderson testify that she was familiar with Jane Hensley based upon her earlier investigation of alleged abuse of Joey Hensley. She stated that in the course of that investigation she talked to a number of people, including school counselors and probation officers, and that based upon those conversations, she was able to conclude that Jane Hensley had a poor reputation for truthfulness.
Ms. Anderson’s testimony regarding the investigation of sexual abuse involving Joey Hensley was objected to for the reason that when that abuse was alleged to have occurred, defendant was living in California. The District Court offered to give an instruction making clear to the jury that defendant was not the subject of those allegations.
*486 Under Rule 403, M.R.Evid., it was up to the District Court to determine whether the prejudicial effect of Ms. Anderson’s testimony was outweighed by its probative value. In balancing those factors, deference should be paid to the District Court unless there has been an abuse of discretion. Cooper v. Rosston (1988), 232 Mont. 186, 190, 756 P.2d 1125, 1127. In this case, where it was clear that because of his absence from the state defendant was not involved in the other incident of sexual abuse, and where the District Court offered to make that clearer by so instructing the jury, I would conclude that there was no abuse of discretion in allowing Ms. Anderson’s testimony as part of the necessary foundation for her opinion regarding Jane Hensley’s reputation for truthfulness.
Finally, I concur with the majority’s opinion that the results of polygraph examinations should not be included in material submitted to the District Court as part of the presentence investigation. I would remand to the District Court for resentencing and order that any reference to the polygraph examination, or its results, be stricken from the materials considered by the District Court in determining the appropriate sentence for defendant. In so holding, I would note that there is no evidence in this record that the District Court improperly considered defendant’s polygraph results in arriving at the sentence which was imposed. However, for purposes of providing a guideline for use in future presentence investigation, I believe the better rule is to set aside any sentence imposed after consideration of a report which includes the results of a polygraph examination.
For these reasons, I would affirm defendant’s conviction of sexual intercourse without consent and remand this case to the District Court for resentencing pursuant to that conviction.