No. 91-333

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1992**

JOHN E. BACHE,

      Plaintiff and Appellant,

   -vs-

JAMES GILDEN,

      Defendant and Respondent.

FILED

MAR 5 - 1992

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

         Thomas E. Boland, Attorney at Law, Great Falls,
Montana.

     For Respondent:

         Richard DeJana, Attorney at Law, Kalispell, Montana.

Submitted on Briefs:  October **24, 1991**

Decided:  March 5, 1992

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Plaintiff brought suit in the Nineteenth Judicial District Court of the State of Montana, Lincoln County, for damages suffered in a motor vehicle accident. Following a jury trial, a verdict for the defendant was returned by the jury and a judgment was entered by the District Court. Plaintiff appeals from the jury verdict and judgment entered by the District Court. We reverse.

Appellant raises three issues on appeal:

1. Did the District Court err in allowing Richard Goacher to testify at trial, even though he had not been listed as a witness?

2. Was it reversible error for the District Court to allow respondent's Exhibit C, a survey of the site of the accident made by Richard Goacher, into evidence when it was not disclosed within the time required by the pretrial order and appellant did not receive a copy of the exhibit until about a week prior to trial and could not depose the author of the exhibit?

3. Did the District Court err in allowing William Crismore to testify as an expert, even though he had not been listed as an expert in either the respondent's discovery responses or in the pretrial order?

This suit arose out of a motor vehicle accident which occurred on November 29, 1989. Appellant John E. Bache was driving a dump truck filled with gravel on a logging road outside of Libby, Montana. Respondent James Gilden was driving an empty dump truck,

2

travelling in the opposite direction on the same road. The two vehicles met on a sharp and narrow curve in the logging road. The parties agreed that the two vehicles met "at a point in the road where there was, essentially, one lane of travel." The sharp and narrow curve in the road was a right-hand curve facing appellant, and a left-hand curve facing respondent. There was a vertical drop of about 15 feet on appellant's right-hand side and a vertical drop of about 5 feet on respondent's right-hand side. Both drivers were travelling down an incline into the corner. The condition of the road at the time of the accident was snowpacked and icy. The accident occurred around dusk, but it was not yet dark.

Shortly before the two vehicles would have collided, appellant drove his truck over the right-hand bank in order to avoid a head-on collision with respondent's truck. The two trucks did not collide and respondent's truck remained on the logging road. Appellant contends that respondent was negligent in his operation of his truck and that respondent had an "avenue of escape," which, if taken, would have allowed the two trucks to pass without incident. Appellant brought suit alleging that as a result of respondent's negligence he suffered personal injuries and other damages. Respondent contended he had no "avenue of escape'' and that the least dangerous course of action available would have been to allow a low speed head-on collision to occur. Appellant appeals from a jury verdict in favor of the defense.

## I and II

Issues 1 and 2 are interrelated and will be discussed together.

Did the District Court err in allowing Richard Goacher to testify at trial, even though he had not been listed as a witness?

Was it reversible error for the District Court to allow respondent's Exhibit C, a survey of the site of the accident made by Richard Goacher, into evidence when it was not disclosed within the time required by the pretrial order and appellant did not receive a copy of the exhibit until about a week prior to trial and could not depose the author of the exhibit?

In September **1990,** appellant sent interrogatories to respondent which included requests for the names of each witness respondent expected to call at trial. Respondent's answer included the names of several witnesses and also indicated that the list was not complete and would be supplemented prior to trial. Similarly, in response to a request for exhibits, respondent listed several exhibits but indicated that the list was not final and would be supplemented prior to trial.

Pursuant to the District Court's scheduling order of November 26, **1990,** a list of all witnesses and exhibits was to be exchanged by the parties no later than February 1, **1991.** Additionally, the scheduling order provided that all discovery should be completed by February 15, **1991.** On February **7, 1991,** appellant received **a** fax from respondent which contained a list of

respondent's witnesses. Richard Goacher was not listed. An individual identified as Paul Stokes was listed as a witness to provide foundation for the survey of the accident scene. There was no copy of the exhibit in question--the survey of the accident scene. Respondent reserved the right to call additional witnesses as necessary for foundation. Appellant requested the opportunity to depose Paul Stokes.

The final pretrial conference was held on March 4, 1991. The pretrial order did not list Richard Goacher as a witness. The pretrial order also provided for some additional discovery. Appellant was to depose respondent's witness Paul Stokes. However, a week prior to the start of the trial, appellant learned from Paul Stokes that it was Richard Goacher who had prepared the survey. It was at this time that appellant first received a copy of the survey. Appellant was unable to depose Goacher prior to the start of the trial on March 19, 1991.

At trial, appellant objected to Goacher being allowed to testify on the grounds of surprise and prejudice, as he had not been listed as a witness on the pretrial order, nor identified until shortly before trial. Appellant also objected to the admission into evidence of the survey on the grounds that the survey did not appear to be a reasonable resemblance of the condition of the road at the time of the accident. The District Court overruled these objections. Appellant did not request a continuance.

Rulings on the admissibility of evidence and the control of discovery activities are within the discretion of the district court. Cooper v. Rosston **(1988),** 232 Mont. 186, 756 P.2d 1125. Absent an abuse of discretion this Court will not reverse a district court's ruling on the admissibility of evidence. <u>Cooper</u>, 756 P.2d at 1127.

The width and configuration of the road at and near the accident site were important factors in appellant's case. The survey by Goacher depicting the width and configuration of the road related to these factors. Appellant contends the trial court abused its discretion when it allowed Goacher to testify over objection, even though Goacher was not listed as a witness in the pretrial order, his identity was not discovered by appellant until a week before trial, and appellant was unable to depose the witness. This Court has stated in the past that "[t]he purpose of the pretrial order is to prevent surprise, simplify issues and permit counsel to prepare for trial on the basis of the pretrial order." <u>Whitehawk</u> v. Clark **(1989),** 238 Mont. 14, **19,** 776 P.2d 484, 487 (quoting from Workman v. McIntyre **(1980),** 190 Mont. 5, 12, 617 P.2d 1281, 1285). Respondent contends that disclosure of Goacher was not necessary because the pretrial order stated that respondent could call "any witnesses needed for foundation." However, respondent indicated that Paul Stokes was to testify concerning the survey and would give the necessary foundation testimony to allow it to be introduced into evidence. Respondent should have

communicated to appellant that it would be Goacher and not Stokes who would offer this testimony. It was not until shortly before trial that appellant discovered that Goacher had made the survey and would be testifying. This information was not revealed in a timely fashion and appellant was not given the opportunity to depose the witness. This procedure resulted in both surprise and prejudice to appellant, and as this Court has previously noted, such "tactics are contrary to the letter and spirit of all pretrial discovery . . . ." Krueger v. General Motors (1989), 240 Mont. 266, 273, 783 P.2d 1340, 1345.

In Sikorski v. Olin (1977), 174 Mont. 107, 568 P.2d 571, this Court stated that a failure to request a continuance at trial when first presented with surprise or prejudicial evidence was a waiver of the right to claim error on appeal. This principle was again stated in the case of Barrett v. Asarco, Inc. (1988), 234 Mont. 229, 763 P.2d 27. To the extent that Sikorski and Barrett are inconsistent with this opinion, they are overruled.

We hold that allowing Goacher to testify was an abuse of discretion, and therefore, reverse and remand this case for a new trial.

While not essential to the outcome of this case, we will briefly address the remaining issues to the extent such discussion is necessary for guidance on retrial.

At trial, appellant objected to the introduction of the survey on the basis that it did not appear to be a reasonable resemblance

7

of the condition of the road at the time of the accident. Then on appeal, appellant changed his reliance to the argument that the survey was a surprise and prejudicial. This Court will only consider on appeal objections made at trial that are timely, specific, and based on the correct grounds. Kizer v. Semitool, Inc. (Mont. 1991), ___ P.2d ___, 48 St.Rep. 1115. However, in light of our holding above concerning Goacher's testimony, we need not consider, even for purposes of guidance upon retrial, the question of whether appellant's objection at trial was sufficiently specific or based on the appropriate grounds in this instance.

## III

Did the District Court err in allowing William Crismore to testify as an expert, even though he had not been listed as an expert in either the respondent's discovery responses or in the pretrial order?

In the present case, a review of the record indicates that Crismore's testimony was not expert testimony. Crismore testified only to those matters of which he had personal knowledge. To the extent that his testimony might be considered opinion testimony, it is still admissible under these circumstances pursuant to Rule 701, M.R.Evid., which provides that:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

8

The District Court did not abuse its discretion in allowing Crismore to testify.

Based upon our holding that there was abuse of discretion in allowing Goacher to testify over appellant's objection of surprise and prejudice, we reverse and remand this case to the District Court €or a new trial.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

March 5, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Thomas E. Boland
REGNIER, LEWIS & BOLAND, P.C.
725 Third Avenue North
P.O. Box 2325
Great Falls, MT 59403

RICHARD DeJANA
Attorney at Law
35 Fourth Street West
P.O. Box 1757
Kalispell, MT 59903-1757


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY _____
Deputy