No. 01-532

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 47

BRIAN PERDUE, BRANDON PERDUE, Individuals;
DONALD HEIMBIGNER and BETTY HEIMBIGNER,
on behalf of the ESTATE OF DONNA PERDUE; and
BRIAN PERDUE, on behalf of the ESTATE OF
BRENT PERDUE,

        Plaintiffs and Appellants,

   v.

GAGNON FARMS, INC. and KENNETH
JOSEPH GAGNON,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                In and for the County of Liberty, Cause No. DV 00-3205
                The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                James P. O'Brien, O'Brien Law Office, Missoula, Montana

        For Respondents:

                Lon T. Holden, Jaradine, Stephenson, Blewett & Weaver, Great Falls,
                Montana

Submitted on Briefs: August 22, 2002

Decided:  March 18, 2003

Filed:

_____
                      Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Appellants appeal the denial of their motion for a new trial on the grounds of abuse of discovery by Respondents and inappropriate rulings on the admissibility of evidence by the Twelfth Judicial District Court, Liberty County.  We reverse and remand.

¶2     Appellants raise the following issues:

¶3     I.  Did the District Court abuse its discretion by allowing the testimony of expert witness Harry Townes or, in the alternative, by refusing to grant a continuance?

¶4     II.  Did the District Court err by allowing Townes to testify concerning his visibility tests?

¶5     III.  Did the District Court err by allowing Officer Mark Bosch to render improper opinion evidence concerning Ken Gagnon's conduct?

¶6     IV.  Did the District Court err by admitting hearsay testimony offered by Officer Bosch?

## FACTUAL AND PROCEDURAL BACKGROUND

¶7     On August 21, 1995, at about 11:30 p.m., a passenger vehicle collided with the rear end of a loaded grain truck driven by Kenneth Gagnon on Highway 223 south of Chester, Montana.  As a result of the accident, the driver of the car, Jerry Perdue, and his wife and son, Donna and Brent Perdue, died.  The car's fourth passenger, Brandon Perdue, suffered severe injuries.  Brandon, his older brother Brian, and the personal representatives of the Estate of Brent Perdue and the Estate of Donna Perdue (collectively, the Perdues) sued Kenneth Gagnon and Gagnon Farms, Inc. (Gagnon) for negligence.  At the conclusion of the trial, the jury rendered a special verdict in favor of Gagnon.  The Perdues moved for a new trial, which the District Court denied.  This appeal followed.

2

¶8 We review a district court's denial of a Rule 59, M.R.Civ.P., motion for a new trial on the grounds enumerated in § 25-11-102, MCA, for an abuse of discretion. *Lopez v. Josephson*, 2001 MT 133, ¶ 16, 305 Mont. 446, ¶ 16, 30 P.3d 326, ¶ 16 (citing *Armstrong v. Gondeiro*, 2000 MT 326, ¶ 17, 303 Mont. 37, ¶ 17, 15 P.3d 386, ¶ 17). This standard requires that the abuse of discretion be so significant as to materially affect the substantial rights of the complaining party. *Lopez*, ¶ 16 (citing *Simmons Oil Corp. v. Wells Fargo Bank*, 1998 MT 129, ¶ 18, 289 Mont. 119, ¶ 18, 960 P.2d 291, ¶ 18). An abuse of discretion occurs when a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason. *Simmons Oil Corp.*, ¶ 17.

## DISCUSSION

¶9 The Perdues claim that a new trial is warranted because the District Court failed to insure adequate discovery regarding the testimony of accident reconstructionist Harry Townes. In addition, the Perdues argue that the court erroneously allowed expert witnesses to present inappropriate opinion testimony and hearsay evidence at trial.

¶10 A new trial may be granted for any of the reasons set forth in § 25-11-102, MCA, which materially affect the substantial rights of the aggrieved party. The Perdues rely on the following three reasons outlined by the statute:

> (1) irregularity in the proceedings of the court, jury, or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;
> . . . .
> (3) accident or surprise which ordinary prudence could not have

3

guarded against;

. . . .

(7) error in law occurring at the trial and excepted to by the party making the application.

Section 25-11-102, MCA.

I.

¶11 Did the District Court abuse its discretion by allowing the testimony of expert witness Harry Townes or, in the alternative, by refusing to grant a continuance?

¶12 The Perdues claim that counsel for Gagnon failed to disclose the substance of the facts and opinions of expert witness Harry W. Townes during pre-trial discovery. In August 2000, the Perdues' counsel propounded the following interrogatory:

INTERROGATORY NO. 7: Have you or anyone acting for you, consulted an expert with respect to any matter pertaining to the occurrence of the incident herein? If so, state the name, present address and matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

Gagnon's counsel answered: "As for the identity of experts who may be called to testify at trial, unknown." This answer was never supplemented. However, "Defendant's Expert Witness Designation" filed on January 30, 2001, disclosed Townes as an expert accident reconstructionist and outlined the general subject matter of Townes' anticipated testimony.

¶13 The parties informally extended the discovery deadline of February 23, 2001. Gagnon's counsel confirmed by letter dated February 22, 2001, that "[i]f the contemplated mediation conference is not successful, we would then schedule additional depositions, including the depositions of one or more of our experts." The settlement conference occurred on March 20, 2001, and counsel subsequently agreed to depose their respective

4

accident reconstructionists on April 13, 2001. After the two depositions were postponed due to illness, the parties were unable to reschedule either deposition prior to the trial date of April 23, 2001.

¶14   The Perdues moved to limit or exclude Townes's testimony or to postpone the trial to allow them the opportunity to depose him. By affidavit, the Perdues' counsel recounted his unsuccessful attempts to arrange for Townes's deposition. The District Court denied the motion and ordered Gagnon's counsel to insure Townes's availability for an interview by the Perdues' counsel at the close of the first day of trial. According to the Perdues, the court directed that the interview be tape-recorded but not transcribed. A written court order is not included in the record on appeal. Gagnon's counsel sought and received a continuance for the interview until noon on April 24, 2001. The Perdues argue that defendant's failure to provide adequate discovery of the substance of Townes's testimony caused surprise and violated § 25-11-102(3), MCA. While surprise may have been one result of the abuse of discovery in this case, we hold that the court's irregular order to address Gagnon's inadequate disclosure regarding expert witness Townes violated § 25-11-102(1), MCA.

¶15   The control of discovery activities is within the discretion of the district court. *Bache v. Gilden* (1992), 252 Mont. 178, 181, 827 P.2d 817, 819 (citing *Cooper v. Rosston* (1988), 232 Mont. 186, 190, 756 P.2d 1125, 1127). Rule 33, M.R.Civ.P., authorizes use of interrogatories for the purpose of pretrial discovery from an adverse party. This rule is liberally construed to make all relevant facts available to parties in advance of trial and to reduce the possibilities of surprise and unfair advantage. *Eagle Ridge Ranch Ltd.*

5

*Partnership v. Park County* (1997), 283 Mont. 62, 66, 938 P.2d 1342, 1344 (citing *Wolfe v. Northern Pacific Ry. Co.* (1966), 147 Mont. 29, 40, 409 P.2d 528, 534).   Regarding the disclosure of expert witness testimony, Rule 26(b)(4)(A)(i), M.R.Civ.P., states, in pertinent part:

> A party may through interrogatories *require* any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (Emphasis added.)

Rule 26(e)(1) and (2), M.R.Civ.P., places a duty upon each party to supplement or amend answers to interrogatories in a timely manner.

¶16     Although "Defendant's Expert Witness Designation" informed the Perdues and the District Court of the identity, address and general subject matter upon which Townes was expected to testify, Gagnon's counsel failed to supplement the Answer to Interrogatory No.7, and thereby violated Rule 26, M.R.Civ.P.

¶17     The Perdues' counsel documented by affidavit his unsuccessful efforts to schedule the Townes deposition prior to the beginning of the trial.  The Perdues' court-ordered interview with Townes occurred after voir dire and opening statements had been completed. The Perdues claim that Townes was not required at this interview to produce the underlying materials upon which he relied to form his opinions.  No transcript was made of Townes's interview and the tape recording is not included with the record on appeal.  In any event, the Perdues' lack of opportunity to depose Gagnon's expert, in the face of the inadequate discovery response, materially affected the Perdues' substantial rights.  Given that the only

6

survivor in the Perdue vehicle was asleep in the back seat as the car approached the scene of the accident and could not testify as to the driver's perspective, the testimony of the Gagnon's accident reconstruction expert had the prospect of heavily influencing the jury's conclusion concerning liability. Therefore, the discovery problems and abuses preceding Townes' testimony had serious ramifications for the Perdues.

¶18    The District Court might have cured the failure of Gagnon's counsel to disclose expert witness information requested by interrogatory and the failure of the parties to arrange for Townes's timely deposition by either excluding Townes's testimony at trial or by vacating the trial date to allow discovery to continue. *See Mason v. Ditzel* (1992), 255 Mont. 364, 371, 842 P.2d 707, 712. Instead, the court devised a late-hour, less-than-formal expert witness discovery process, which provided no opportunity for the Perdues to obtain information exclusively in the possession of the Gagnon's accident reconstructionist prior to trial. The court's order compromised the Perdues' ability to formulate an effective trial strategy and to prepare adequately for witness cross-examination, which placed the Perdues at a serious disadvantage. Pursuant to § 25-11-102(1), MCA, we hold that these irregularities in the court proceedings constitute an abuse of discretion that materially affected the Perdues' substantial rights and prevented the Perdues from having a fair trial. Accordingly, we remand for a new trial.

¶19    In granting a new trial, we address the following evidentiary issues for guidance at a subsequent trial. Section 3-2-204(3), MCA; Rule 59(f), M.R.Civ.P.

II.

7

¶20    Did the District Court err by allowing Townes to testify concerning his visibility tests?

¶21    A district court has the discretion to rule on the admissibility of evidence, and we will not reverse the court unless its ruling amounts to an abuse of discretion. *Massman v. City of Helena*, 237 Mont. 234, 240, 773 P.2d 1206, 1210 (citing *Cooper,* 232 Mont. at 190, 756 P.2d at 1127);  Rule 104, M.R.Evid.

¶22    Townes testified that he is a retired mechanical engineer and now works as a consultant.  Once Townes asserted that he conducted visibility tests at the accident site, the Perdues' counsel moved to voir dire the witness to ascertain whether the opinions and facts to be presented were a valid product of scientific analysis.  Townes stated that he had conducted a series of nighttime tests at the scene of the accident to determine the distances and specific locations on Highway 223 at which Gagnon's grain truck may have been visible to a driver approaching from behind.  The collision occurred on a level stretch of road approximately 1700 feet north of a wide swale or topographical depression in the roadway. Townes assured the District Court that his tests required no special expertise or knowledge to perform and his testimony would represent only his personal observations.  The court characterized the visibility studies conducted by Townes as nothing more than Townes sitting in a vehicle on Highway 223 and describing what he could see at certain distances from the accident site.  The court allowed Townes's testimony into evidence as lay witness testimony under Rule 701, M.R.Evid.

¶23    Rule 701, M.R.Evid., allows "testimony in the form of opinions or inferences" by a

witness who is not testifying as an expert when those opinions and inferences are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."  Subject matter that is within the range of ordinary training or intelligence does not require expert testimony. *United First Federal Savings and Loan Ass'n v. White-Stevens, Ltd.* (1992), 253 Mont. 242, 245, 833 P.2d 170, 172.

¶24    By contrast, Rule 702, M.R.Evid., permits opinion evidence from a qualified expert "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue."   Foundational testimony must be elicited regarding "knowledge, skill, experience, training, or education" to qualify an expert witness.  Rule 702, M.R.Evid.

¶25    Gagnon presented Townes to the District Court as an expert witness listed in the "Defendant's Expert Witness Designation."   However, Townes explained that the visibility tests about which he testified required no specialized skill or knowledge to perform or analyze.  Accordingly, Townes's testimony failed to meet the foundational requirements of Rule 702, M.R.Evid., for expert testimony.  Conversely, Gagnon never disclosed Townes as a fact witness during discovery or any pre-trial proceedings, which precludes Townes's testimony as lay witness opinion under Rule 701, M.R.Evid.  Therefore, we conclude that the District Court abused its discretion by allowing Townes to testify on his visibility tests without the foundation required for expert opinion testimony.

III.

¶26    Did the District Court err by allowing Officer Mark Bosch to render improper opinion evidence concerning Ken Gagnon's conduct?

¶27    Officer Bosch, the Montana Highway Patrolman who investigated the accident, testified as an expert in accident reconstruction.  The Perdues do not challenge Bosch's qualification as an expert under Rule 702, M.R.Evid.  Instead, they claim that the court incorrectly permitted Bosch to testify that  Ken Gagnon's conduct in operating the grain truck on the night of the accident was not "improper."

¶28    Rule 705, M.R.Evid., allows an expert to testify as to his opinions or inferences, and Rule 704, M.R.Evid., further allows an expert to present opinions and inferences that embrace the ultimate issues to be decided by the jury.  We distinguish ultimate issues of fact from ultimate issues of law because legal conclusions offered by an expert witness invade the province of the jury whose duty it is to apply the law as given in the jury instructions to the facts of the case.  Such expert opinions on the law can be highly prejudicial.  *Hart-Anderson v. Hauck* (1988), 230 Mont. 63, 72, 748 P.2d 937, 943.  While an expert witness may properly testify as to an ultimate issue of fact, expert opinion that states a legal conclusion or applies the law to the facts is inadmissible.  *Mickelson v. Montana Rail Link, Inc.,* 2000 MT 111, ¶ 101, 299 Mont. 348, ¶ 101, 999 P.2d 985, ¶101.

¶29    In *Hart-Anderson v. Hauck* (1989), 239 Mont. 444, 449, 781 P.2d 1116, 1119 (*Hart-Anderson II*), this Court reiterated that an officer with years of experience in  investigating accidents can assist the jury in its determination by presenting his opinions regarding the cause of an accident.  The jury is free to decide the weight to give the officer's testimony.

10

*Hart-Anderson II*, 239 Mont. at 449, 781 P.2d at 1119 (citation omitted).

¶30    Officer Bosch testified that Ken Gagnon drove the grain truck at a reduced speed after Gagnon discovered that the tread on the inside dual rear tire was separating and caused the tire to bulge. The speed limit on Highway 223 was 55 m.p.h., and Officer Bosch estimated that Gagnon proceeded at about 20 to 30 m.p.h. Bosch stated that in his opinion Gagnon did not travel at a hazardously slow speed. Officer Bosch further opined that the lights on the grain truck were functional on the night of the accident, despite inconclusive results of laboratory examination of the lighting fixtures and conflicting testimony on the issue. The District Court noted that weaknesses in the bases for Officer Bosch's opinions were fully explored on cross-examination and the court ruled that Bosch did not testify on the ultimate issue of negligence.

¶31    We agree. Although Gagnon's counsel's questioning of Officer Bosch intimates legal issues, such as whether Gagnon acted negligently by driving on a defective tire or at half the posted speed limit, Officer Bosch's testimony reached no legal conclusions on these matters. Instead, Officer Bosch described the inferences he drew regarding Gagnon's operation of the grain truck based on his investigation. As an expert accident reconstructionist, Officer Bosch opined that the grain truck did not present an unusual road hazard on the night of the accident. On cross-examination, the Perdues' counsel had adequate opportunity to bring forth the weaknesses of any assumptions or facts underlying this opinion. We conclude that Officer Bosch offered his factual conclusions for the jury's consideration, which did not invade the province of the trier of fact. The jury remained free to decide the weight to give

11

Officer Bosch's opinion.  Accordingly, we affirm the District Court's ruling on this issue.

IV.

¶32    Did the District Court err by admitting hearsay testimony offered by Officer Bosch?

¶33    Officer Bosch recounted probative statements made during the course of the accident investigation by Docharipiter Finson, a worker on the Gagnon farm, and Kevin St. John, the first person to arrive at the scene of the accident.  The District Court overruled the Perdues' hearsay objections to Officer Bosch's testimony on the grounds that Rule 703, M.R.Evid., allows an expert to rely upon evidence that would be inadmissible at trial when forming his opinions or inferences.

¶34    Rule 703, M.R.Evid. provides:

> The facts or data in a particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing.  If of a type reasonably relied upon by experts in a particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

Rule 703, M.R.Evid., anticipates that experts form opinions and inferences based upon first-hand observations, facts presented at trial and information obtained outside of the courtroom prior to trial.   The rule recognizes that an expert witness may rely upon inadmissible evidence when forming an opinion. *Lynch v. Reed* (1997), 284 Mont. 321, 333-34, 944 P.2d 218, 226.  However, Rule 703, M.R.Evid., does not give a witness permission to repeat inadmissible out-of-court statements to bolster his or her expert opinions before the jury.

¶35     Gagnon concedes that Officer Bosch provided hearsay evidence to the jury and cites no exception to our rules against hearsay that would allow admission of the challenged

12

testimony. In this case, Officer Bosch's recital of the substance of his interviews with Finson and St. John was elicited by Gagnon's counsel on direct examination for the purpose asserting the truth of these out-of-court statements and fortifying the conclusions Officer Bosch reached as a result of the accident investigation. We conclude the District Court erred by allowing the challenged hearsay testimony at trial.

¶36 Gagnon argues on appeal that the District Court's error was harmless since equivalent evidence was presented by witness testimony and the challenged testimony was merely cumulative. In this case, a new trial will redress the prejudice that may have ensued due to the erroneous admission of out-of-court statements, and we need not analyze the resulting harm.

¶37 Reversed and remanded for a new trial.

/S/ JAMES C. NELSON

We Concur:

/S/ TERRY N. TRIEWEILER
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART