Nicolas Komow, Plaintiff, *v.* Simplex Cloth Cutting Machine Co., Inc., and Martin Zawistowski, Max Finkelstein and Nathan Obedin, Defendants.

(Supreme Court, New York Special Term, November, 1919.)

Corporations.— sale of corporate stock — when stockholders may be considered as partners — contracts — good will — injunctions — inspection of books and papers.

The owners of all the stock of a corporation having no debts are substantially partners in their relation to a contract for the sale of the stock and one of them may sue for a breach of the contract.

Where two of the parties to such a contract each for himself agreed that the sale of the stock should include the good will of the corporation with full enjoyment thereof the purchaser in an action for breach of the contract, upon proof that one of the defendants in violation of the contract had organized the defendant corporation which he and the remaining defendants are using as a cloak to avoid the effect of the contract with plaintiff and to damage him in his business, the plaintiff is entitled to an injunction restraining defendants from interfering with the good will acquired under the contract for the sale of the stock.

A release executed by plaintiff which discharged any right of action against the parties and which was exchanged between

them in performance of conditions in the contract for the sale of the stock did not cut off plaintiff's right of action for breach of the contract.

In such an action plaintiff will be granted an order for the inspection of certain books and papers under the control of the defendants other than the certificate of incorporation, which is a matter of public record.

Motion for discovery and inspection of certain books and documents under control of defendants, and motion by defendants for judgment on the pleadings.

David L. Podell (Jacob Podell, of counsel), for plaintiff.

Simon Rasch (Jeremiah T. Mahoney, of counsel), for Simplex Cloth Cutting Machine Co., Inc., Max Finkelstein and Nathan Obedin.

Milton Mayer, for defendant Zawistowski.

Delehanty, J. Plaintiff moves herein for discovery and inspection of certain books and documents under control of defendants, and defendants counter move for judgment on the pleadings. If the pleadings are insufficient the motion for discovery and inspection must necessarily fall. The action is based on a written contract covering the sale of stock of a corporation. It appears that the plaintiff, the defendant Zawistowski, and one Simon Rasch each owned one-third of the capital stock of the United States Cloth Cutting Machine Company, and being unable to get along together in the conduct of the business, the agreement in question was entered into, whereby the plaintiff purchased the two-thirds interest of Zawistowski and Rasch for the sum of $20,000 and other good and valuable consideration. In disposing of their interest the said Zawis-

towski and Rasch, each for himself, agreed that the purchase and sale of the stock in question shall include the good will of the company, with the full enjoyment of the said good will of the corporation, its customers or stockholders. Plaintiff brings this action individually, claiming that defendant Zawistowski has in violation of said agreement organized the defendant corporation, and, with the remaining defendants, is using it as a cloak to avoid the effect of said agreement and to damage the plaintiff in his business. Plaintiff seeks damages and an injunction. Defendants contend that the complaint does not state a cause of. action in that the agreement sued upon was made for the benefit of the United States Cloth Cutting Machine Company, Incorporated, and that the plaintiff should have proceeded in a representative capacity as a stockholder for the benefit of himself as such stockholder and other stockholders similarly situated and not as an individual. It seems to me that defendants' position is untenable, for agreements between stockholders of a corporation have been sustained and enforced, and the stockholder individually has been permitted to institute such an action. The right to do so rests on contract rather than statutory grounds. In the case of *Rochester Dry Goods Co.* v. *Fahy*, 111 App. Div. 748; affd., 188 N. Y. 629, a stockholder, transferring a controlling interest in shares of a corporation to a third person, guaranteed that the accounts receivable by the corporation would be collected and agreed to pay to the corporation the amount of any accounts not collected. The court held that the only party entitled to enforce the contract was the transferee of the shares of stock and not the corporation. The corporation having brought the action, the court declared a nonsuit, which ruling was sustained by the Appellate Division on the ground that the corporation was not the proper

party to bring the action, but the transferee. The court said, page 751: " Fraley (the transferee) did not act, nor did he assume to act, for the plaintiff. He acted for himself and the contracts were made for his own benefit. There was no obligation attempted to be imposed upon the plaintiff, and it never assumed any. * * * Can it be contended that differences, arising out of this contract between Fraley and the defendant, could not have been adjusted by them without the intervention of the plaintiff, or that this contract could not have been changed or modified by Fraley and the defendant, or that Fraley could not have released and discharged the defendant from any claims thereunder? " It strikes me also that since all the parties to the agreement owned the stock of the corporation, and as apparently there were no debts outstanding against it, they were substantially in the relation of partners. In *Goss & Co.* v. *Goss, No. 2,* 147 App. Div. 698, 702, the court said: " When a court of equity is endeavoring to adjust rights between the parties, it looks at the merits rather than at the form and to that end it has been frequently held that it will disregard the fiction of a separate entity of a corporation where justice requires it should be done." The fact that plaintiff's damage is not easily ascertainable does not bar the plaintiff from bringing this action (*Higgins* v. *Applebaum,* 186 App. Div. 682, 687), and it must also be borne in mind that defendant Zawistowski had a vendible interest in the good will of the original corporation which was sold with his capital stock. *Public Opinion Publishing Co.* v. *Ransom,* 148 N. W. Repr. 838, 841; *S. F. Myers Co.* v. *Tuttle,* 183 Fed. Repr. 235. The defendants make a point of the fact that a certain release was executed by the plaintiff which discharged any right of action herein against the parties. The release in question was exchanged between the

parties in performance of conditions in the agreement and therefore does not cut off plaintiff's right for breach of said agreement. *Miller* v. *Schloss,* 159 App. Div. 704. Finally, the plaintiff, by reason of his acquisition of the capital stock, including specifically the good will of the United States Cloth Cutting Machine Company, Incorporated, is entitled to an injunction to restrain the defendants from interfering therewith upon proof of the allegations of the complaint. *Von Bremen* v. *MacMonnies,* 200 N. Y. 51; *Kates* v. *Bok,* 141 App. Div. 925. Motion for judgment on the pleadings accordingly denied, with ten dollars costs.

Plaintiff is not entitled to inspection and discovery of matters of public record, and the provision requiring discovery of the certificate of incorporation will therefore be eliminated. In all other respects the motion must be granted. In *Hoag* v. *Ulster & Delaware R. R. Co.,* 177 App. Div. 433, it is said: " The tendency of the courts during later years has been very properly toward liberality in extending the right of discovery and inspection, to the end that the truth might be made to appear and the cause of justice promoted." In a case similar to the one at bar this court, through Mr. Justice Seabury, granted a discovery and inspection along the lines applied for herein. *St. John* v. *Reiss,* N. Y. L. J., Nov. 18, 1913. The motion for inspection and discovery accordingly granted.

Ordered accordingly.