## SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

### v.

## SAMUEL H. SLOAN & CO. and Samuel H. Sloan, Defendants.

### No. 71 Civ. 2695.

United States District Court,
S. D. New York.

Aug. 16, 1973.

William D. Moran, Regional Administrator S. E. C., New York City, for plaintiff; Jerome Mitchell Selvers, New York City, Thomas R. Beirne, Ossining, N. Y., of counsel.

Robert W. Taylor, New York City, for defendants.

ROBERT J. WARD, District Judge.

This is a motion by defendants for an order pursuant to Rule 34(b), Fed.R. Civ.P. requiring plaintiff to produce for inspection and copying the transcript of

an administrative hearing held in the Matter of Samuel H. Sloan, et ano. (Adm.Pro. File No. 3–3680). For the reasons hereinafter stated, the motion is denied.

On April 25, 1972, the Securities and Exchange Commission ("Commission") instituted public administrative proceedings against Samuel H. Sloan & Co. and Samuel H. Sloan ("respondents") alleging that respondents had wilfully violated the Commission's Net Capital and Bookkeeping Rules, as well as other provisions of the federal securities laws. The purpose of that proceeding was to determine whether the various allegations set forth in the Commission's order for proceedings were true and, if so, what, if any, remedial action was appropriate in the public interest.

From October 30, 1972 to November 1, 1972, a hearing in the matter was held before an Administrative Law Judge. Sloan appeared and was represented by counsel. A transcript of the hearing was prepared by a reporter employed by the C.S.A. Reporting Service and, at the conclusion of the hearing, all parties were entitled to purchase a copy of the transcript, numbering some 443 pages. Respondents chose not to do so.

At the conclusion of the hearing, the parties were called upon to file proposed findings of fact and conclusions of law. The Commission, which had purchased a copy of the transcript, allowed Sloan's counsel to come to its offices and examine its copy of the transcript while he was preparing his proposed findings.

After proposed findings had been filed by both sides, the Administrative Law Judge rendered an initial decision in which he found that the evidence adduced at the hearing supported the Commission's allegations and revoked Sloan & Co.'s broker-dealer registration and barred Sloan from association with any broker-dealer.

Sloan's petition for a review of the Administrative Law Judge's initial decision was granted by the Commission on May 21, 1973 and Sloan was ordered to file his brief within 30 days of receipt of the order for review. This action by the Commission had the effect of staying the sanctions imposed by the Administrative Law Judge, pending review by the Commission. Thus, Sloan was permitted to remain active in the securities business for the time being.

Previously, on May 16, 1973, Sloan's counsel had requested that the Commission release the transcript for his use for one week. The Commission refused counsel's request. On June 8, simultaneously with the filing of this motion, Sloan's counsel requested a 30 day extension for the filing of his brief in the administrative proceeding, stating that he was unable to make use of the New York Regional Office's transcript of the hearing.

The purpose of discovery is to enable a party to discover and inspect material information which by reason of an opponent's control, would otherwise be unavailable for judicial scrutiny. Rule 34 of the Federal Rules of Civil Procedure provides that relevant and non-privileged documents and objects in the possession of one party be made available to the other, thus, eliminating surprise and permitting the issues to be simplified and the trial to be expedited. United States v. Procter and Gamble Co., 14 F. R.D. 230, 232 (D.C.N.J.1953).

In the instant case the transcript of this public hearing is equally available to all parties on payment of the lawfully prescribed costs. To date, Sloan has chosen not to purchase a copy. Instead he seeks to obtain a copy by a discovery motion.

■■  It is well established that discovery need not be required of documents of public record which are equally accessible to all parties. Komow v. Simplex Cloth Cutting Machine Co., Inc., 109 Misc. 358, 179 N.Y.S. 682 (1919), aff'd, 191 App.Div. 884, 180 N.Y.S. 942 (1920). The Court in Komow held that a party is not entitled to discovery and inspection of matters of public record and denied plaintiff's motion for discov-

ery and inspection of the certificate of incorporation of defendant corporation. The transcript of Administrative Pro. File No. 3–3680 is available to anyone, including Sloan, by purchase from CSA Reporting Service. Like the certificate of incorporation in *Komow* the requested transcript is a public document available to movant and thus, not discoverable from the Commission.

■ It has been clear since Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) that indigent criminal defendants must be provided with stenographic transcripts or otherwise afforded the opportunity for adequate and effective appellate review. However, in the case at bar, which, of course, is not a criminal action, Sloan makes no claim as to his inability to pay for the transcript. Absent a claim and proof of Sloan's inability to pay, it must be assumed that Sloan is financially able to purchase the transcript he desires.

Rather than asserting that Sloan cannot afford to purchase the transcript, his counsel claims that "The expense of these transcripts are paid by funds allotted to plaintiff from taxes produced by the people of these United States and defendant Sloan is one of these people." While imaginative, such an argument is not persuasive.

Rule 26(c) of the Federal Rules of Civil Procedure provides that discovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery. Wright and Miller, Federal Practice and Procedure, Sec. 2214, p. 648.

To grant Sloan's motion would in the future allow all respondents in administrative proceedings, regardless of how many parties may be involved, to obtain a copy of the transcript on motion, thereby requiring the Commission to purchase additional copies of the transcript and placing an undue burden on the Commission.

The motion is in all respects denied.

It is so ordered.