FILED

06/06/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0744

DA 16-0744

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 135N

SANDRA D. FOX,

      Plaintiff and Appellee,

   v.

ETHAN FAIRBROTHER and CHRISTINA FAIRBROTHER,

      Defendants and Appellants.

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DV 14-80
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Matthew H. O'Neill, O'Neill Law Office, PLLC, Polson, Montana

      For Appellee:

          Douglas G. Skjelset, Suzanne E. Geer, Skjelset & Geer, PLLP,
Missoula, Montana

Submitted on Briefs:  May 3, 2017

Decided:  June 6, 2017

Filed:

                                        Clerk

Justice Dirk M. Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ethan and Christina Fairbrother (Fairbrothers) appeal the order of the Montana Twentieth Judicial District Court, Sanders County, which awarded Fairbrothers litigation costs as the prevailing party in an action for rescission of a real estate contract, but denied their motion for attorney's fees. We affirm.

¶3 The parties do not dispute the facts detailed by the District Court findings. In April 2013, Sandra Fox (Fox) executed a hand-written agreement to sell Fairbrothers a five-acre parcel in Noxon, Montana, for $45,000 plus interest. The structured payment arrangement involved a $9,000 down payment; monthly contributions totaling $19,200 to an escrow account for Fox's benefit; and an unsecured promissory note requiring Fairbrothers to pay Fox $24,000 over ten years in $200 monthly installments.

¶4 Fairbrothers executed a Montana Trust Indenture with Clark Fork Title Co., which established the escrow account and secured the $19,200 to be paid over a ten-year period. A promissory note accompanied the trust indenture and memorialized Fairbrothers' $19,200 debt, interest at 3%, and the monthly payment schedule. As the beneficiary of the trust indenture, Fox had no role in negotiating, drafting, or executing the agreement. At

2

closing, Fox received copies of two trust documents executed by the Fairbrothers with the title company: the one-page trust promissory note and the two-page Montana Trust Indenture (short-form trust). The short-form trust stated that "provisions numbered 1 through 25 of the Trust Indenture recorded April 15, 2005" and filed separately with the Sanders County Clerk and Recorder were "incorporated and made an integral part hereof for all purposes as though set forth herein in their entirety." Fairbrothers did not provide Fox with a copy of the seven-page Montana Trust Indenture (long-form trust), which contained the trust's boilerplate provisions and was incorporated by reference in the short-form trust.

¶5 Tensions over the construction of an access road to Fairbrothers' property through an easement across Fox's adjacent land aggravated deteriorating relations between the neighbors. On August 14, 2014, Fox filed a complaint in district court seeking rescission of the agreement to sell the five acres to Fairbrothers, alleging mistake, fraud, and undue influence. Fox attached a copy of the short-form trust to her complaint, together with other documents related to the five-acre sale. By the time of her filing, Fox had received approximately $13,000 on the real estate contract. Fox made no offer or attempt to return any money to Fairbrothers. While the legal action was pending, Fairbrothers continued to make monthly payments of $200 to Fox and $160 to the escrow account at Clark Fork Title Co. When Fox refused to accept payment, Fairbrothers deposited her $200 monthly payments in their attorney's trust account.

¶6 At trial, Fairbrothers sought to have the long-form trust admitted into evidence for the purpose of showing "the provisions for attorney fees" for "the prevailing party [in] litigation over trust indentures." Fox objected on the grounds of unfair surprise because the long-form trust had not been shared in discovery. Although the long-form trust may have been filed with the county and available to the public-at-large, Fox argued the document did not appear on Fairbrothers' pretrial exhibit list and Fox had no prior notice of Fairbrothers' intent to offer the long-form trust into evidence. The District Court reserved ruling on the admission of the long-form trust, pending final briefing by the parties.

¶7 Following the two-day bench trial in June 2016, the District Court determined that Fairbrothers agreed to pay fair market value for the five-acre parcel and did not misrepresent any material facts, commit fraud, coerce, or exert undue influence over Fox. The court further determined that Fox was competent and fully capable of engaging in the real estate sale. The court concluded that Fox failed to comply with the legal requirements for rescission of a real estate contract pursuant to § 28-2-1713, MCA, by failing to act promptly and failing to restore everything of value she had received from Fairbrothers. Because the District Court found no evidence to support Fox's claim for contract rescission, the court held that Fox "takes nothing from her complaint."

¶8 On November 18, 2016, in response to Fairbrothers' M. R. Civ. P. 54(d) motion, the District Court awarded litigation costs pursuant to § 25-10-501, MCA, but denied attorney's fees to Fairbrothers on the stated grounds that the "contract containing any

4

requirement to pay attorney's fees was not admitted during trial." The stated reason for the court's refusal to admit the long-form Montana Trust Indenture was "because it was not provided in discovery."

¶9 The issues on appeal are whether the District Court abused its discretion by denying admission of the long-form Montana Trust Indenture at trial and whether the court correctly denied Fairbrothers' request for attorney's fees.

¶10 A district court has broad discretion to determine the admissibility of evidence. *Schuff v. Jackson*, 2008 MT 81, ¶ 15, 342 Mont. 156, 179 P.3d 1169. Therefore, we review a district court's ruling on the admissibility of evidence for an abuse of discretion. *West v. Club at Spanish Peaks L.L.C.*, 2008 MT 183, ¶ 44, 343 Mont. 434, 186 P.3d 1228. We review for correctness a district court's conclusion regarding the existence of legal authority to award attorney's fees. *Foss v. Melton*, 2016 MT 232, ¶ 19, 385 Mont. 5, 386 P.3d 553.

¶11 Montana follows the general American Rule, which holds that a prevailing party is not entitled to recover attorney's fees unless expressly provided for by statute or contract. *Schuff v. A.T. Klemens & Son*, 2000 MT 357, ¶ 97, 303 Mont. 274, 16 P.3d 1002. When legal authority exists to award attorney's fees, § 28-3-704, MCA, provides that the right to recover attorney's fees is reciprocal.

¶12 Two contract documents involved in the Fox-Fairbrother real estate transaction contain attorney fee provisions. One was the promissory note that accompanied the Montana Trust Indenture, which states:

> In the event of default of the payment of this note, it is agreed that the Holder of this note may recover such necessary expenses as may be incurred in the collection, including interest at the legal rate and a reasonable attorney's fee.

The District Court determined that the promissory note, by its terms, applied only to litigation on an alleged default. Because Fox never alleged a default pursuant to the promissory note, the court determined that the attorney fee provision did not apply. We agree.

¶13 The second document containing an attorney fee provision is the long-form Montana Trust Indenture, which states, in pertinent part:

> Except as may be otherwise provided herein, Grantor agrees to pay to Beneficiary or Trustee the costs and expenses, including a reasonable attorney's fee, incurred by either of them in instituting, prosecuting or defending any Court action in which Grantor does not prevail, if such action involves the interpretation hereof or performance thereunder by a party hereto of the breach of any provision hereof by a party hereto, including but not limited to an action to obtain possession of the above described property after exercise of the power of sale granted hereunder.

We agree that this provision for attorney's fees would have applied if properly admitted into evidence at trial. Fairbrothers claim the District Court abused its discretion by refusing to admit the long-form trust into evidence pursuant to its admission of the properly disclosed short form that expressly incorporated the long form by reference. Due to the incorporation provision of the short form, Fairbrothers argue they had no duty to disclose or produce the long form document in discovery.

¶14 Discovery promotes "the ascertainment of truth" by "assuring the mutual knowledge of all relevant facts gathered by both parties which are essential to proper litigation." *Richardson v. State*, 2006 MT 43, ¶ 22, 331 Mont. 231, 130 P.3d 634 (quoting

6

*Massaro v. Dunham*, 184 Mont. 400, 405, 603 P.2d 249, 252 (1979)). Modern discovery rules and pretrial procedures "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Richardson*, ¶ 22 (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 986-87 (1958)). M. R. Civ. P. 33 authorizes the use of interrogatories for the purpose of pretrial discovery from an adverse party. We liberally construe this rule to make all relevant facts available to parties in advance of trial and to reduce the possibilities of surprise and unfair advantage. *Perdue v. Gagnon Farms, Inc.*, 2003 MT 47, ¶ 15, 314 Mont. 303, 65 P.3d 570.

¶15 Although Fairbrothers assert that Fox never requested a copy of the long-form trust indenture in discovery, the discovery requests indicate otherwise. By Interrogatory No. 14, Fox asked Fairbrothers to list any real property they have owned since January of 1995. Interrogatory No. 15 sought specific information about each listed property. By Request for Production No. 6, Fox asked Fairbrothers to provide "copies of all documents generated in regard to any transactions described in response to Interrogatory No. 15." Fairbrothers neglected to produce a copy of the long-form Montana Trust Indenture.

¶16 Fairbrothers next argue that, because the long-form trust is a public record filed with the county clerk and recorder, all parties had an equal ability to access the document and Fairbrothers had no duty to specifically disclose the long form in discovery. The cases cited in support of this proposition distinguish the duty to produce copies of public records from the duty to disclose public documents prior to trial. *See, e.g., Securities & Exchange*

*Comm. v. Samuel H. Sloan & Co.*, 369 F.Supp. 994 (S.D.N.Y. 1973) (undue burden for SEC to produce expensive copy of disclosed transcript of administrative proceedings, which is a public record available to all at their own cost); *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1 (D.D.C. 2007) (courts may limit production of public records when another source is more convenient, less burdensome, or less expensive). While the cases cited by Fairbrothers offer authority allowing parties to avoid the cost and inconvenience of producing copies of public documents in discovery, as provided by M. R. Civ. P. 26(b)(2)(C)(i), neither ruling authorizes nondisclosure of public documents that are within the permissible scope of a discovery request. In addition, the minimal cost and ease of production for a seven-page contract does not justify Fairbrothers' failure to provide Fox the long-form trust prior to trial.

¶17    Disclosure of relevant information prior to trial is the essence of discovery. This Court strictly adheres to the policy that dilatory discovery actions shall not be dealt with leniently. *Richardson*, ¶ 56. The Court will generally defer to the decision of a trial court regarding sanctions for failure to comply with discovery procedures because the trial court is in the best position to know whether parties are disregarding the rights of opposing parties in the course of litigation and which sanctions for such conduct are most appropriate. *McKenzie v. Scheeler*, 285 Mont. 500, 506, 949 P.2d 1168, 1172 (1997). M. R. Civ. P. 37(c)(1) sets forth various actions a district court may take to address a party's failure to disclose information requested during discovery, including disallowing the party to use that information at trial.

¶18 The interests of fairness and transparency demand that the complete contract, which provides a legal basis for an attorney fee award, be disclosed to the opposing party prior to trial. The District Court was in the best position to address the discovery failure, and the court cited nondisclosure as the reason for denying the admission of the long-form Montana Trust Indenture. Without the long-form trust before the court, the court concluded that none of the contracts in evidence provided the necessary legal authority for an award of attorney's fees.

¶19 We conclude the District Court did not abuse its discretion when it declined to admit the long-form Montana Trust Indenture into evidence for failure to share the document with the opposing party in discovery. We further hold that the District Court correctly determined that no legal basis exists in the record for an award of attorney's fees to Fairbrothers absent admission of the long-form Montana Trust Indenture. We affirm.

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON

9

Justice Jim Rice, concurring.

¶21   I believe the long-form Montana Trust Indenture was incorporated by reference within the short form, was "part and parcel" to the original transaction, and thus should have been admitted and considered in this matter. However, the language of the long form did not, in my view, grant attorney fees to the prevailing party in the kind of action brought here, for rescission, and therefore I would affirm the District Court's denial of attorney fees on that basis.

¶22   I concur.


/S/ JIM RICE